IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES AARON WHITTLE (TDCJ No. 1592991), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:15-cv-1783-L-BN |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner James Aaron Whittle, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, the Court should dismiss the application on limitations grounds pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**Background**

Petitioner's Section 2254 application, filed in the Houston Division of the Southern District of Texas, *see* Dkt. No. 1 at 1, was transferred to this Court on May 20, 2015, *see* Dkt. No. 6; *see also* 28 U.S.C. § 2241(d).

Through his habeas application, Petitioner is collaterally attacking a 2009 conviction and sentence from Dallas County for continuous sexual abuse of a child younger than fourteen years of age – an offense to which he pleaded guilty pursuant to a plea agreement. *See State v. Whittle*, F-0923785-N (195th Judicial Dist. Ct. of

Dallas County, Tex.); *see also* Dkt. No. 1 at 2. Petitioner appealed his conviction and 25-year sentence, but his appeal was dismissed for want of jurisdiction on December 3, 2009. *See Whittle v. State*, No. 05-09-00925-CR, 2009 WL 4356686 (Tex. App. – Dallas Dec. 3, 2009, no pet.) (per curiam) (noting that Whittle waived his right to appeal in conjunction with his plea agreement); *see also* Dkt. No. 1 at 3.

Petitioner states that he did not file a state habeas application. *See* Dkt. No. 1 at 3-4. But records of the Texas Court of Criminal Appeals ("TCCA") available online reflect that the TCCA received an application from Petitioner on October 11, 2012 and that the TCCA denied the application without written order on October 31, 2012. *See Ex parte Whittle*, WR-78,535-01 (Tex. Crim. App.).

Petitioner declares that he placed the federal habeas application now before the Court in the prison mail on May 5, 2015. *See* Dkt. No. 1 at 15.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

The Supreme Court has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The actual innocence gateway, however, is only available to a movant who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)), that is, new, reliable evidence sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt,'" *id.* at 1928 (quoting *Schlup*, 513 U.S. at 329).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled

to relief in the district court[.]" *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5 th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes). In *Kiser*, clearly applicable here, the United States Court of Appeals for the Fifth Circuit held that, "even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte*." *Id.* at 329 (noting the district court's "decision to do so was consistent with Rule 4 and Rule 11 of the Rules Governing Section 2254 cases, as well as the precedent of this Court").

**Analysis**

Petitioner's conviction became final either (1) on the entry of his guilty plea or (2) 30 days from the date on which the Dallas Court of Appeals dismissed his direct appeal for want of jurisdiction.

"The Fifth Circuit has explained that convictions become final for the purposes of § 2244(d)(1)(a) 'when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a timely filed petition has been finally denied.'" *Chacon v. Stephens*, No. 4:13-cv-2184, 2014 WL 3543722, at *3 (S.D. Tex. July 14, 2014) (quoting *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) (in turn quoting *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994))) (internal

quotation marks omitted).

Here, Petitioner waived his right of direct appeal as part of his guilty plea, and his punishment was in accordance with the plea agreement. *See Whittle*, 2009 WL 4356686, at *1 ("In accordance with a plea agreement, the trial judge sentenced appellant to imprisonment for twenty-five years. Appellant waived his right to appeal in conjunction with the plea agreement." (citing *Blanco v. State*, 18 S.W.3d 218 (Tex. Crim. App. 2000)). Therefore,

> he had no right to appeal without the trial court's permission. TEX. R. APP. P. 25.2(a)(2)(B); *see also Cleveland v. State*, 588 S.W.2d 942, 944 (Tex. Crim. App. 1979) (where defendant's punishment is in accordance with plea bargain, only matters raised and heard before trial are appealable without leave of the trial court). Moreover, by waiving his right to direct appeal Petitioner also forfeited his right to petition the Supreme Court for certiorari because he could no longer obtain a judgment from the Court of Criminal Appeals. *See Roberts*, 319 F.3d at 693 n.14; *see also* 28 U.S.C. § 1257 (only final judgments of "highest court of a state" are reviewable on certiorari).

*Chacon*, 2014 WL 3543722, at *3.

In *Chacon*, the United States District Court for the Southern District of Texas determined that the petitioner's "conviction became final for AEDPA purposes immediately upon entry of his guilty plea..., because that is when he became 'unable to pursue further direct review' in Texas courts." *Id.* (quoting *Roberts*, 319 F.3d at 693; citing TEX. R. APP. P. 66.1, 68.1 (Court of Criminal Appeals may only review a decision of a court of appeals)); *accord Urquizo v. Quarterman*, No. C-08-46, 2008 WL 2278664, at *5 (S.D. Tex. May 12, 2008).

The court in *Chacon* further rejected the petitioner's contention that "invalid attempts to directly appeal [a] conviction, despite clearly waiving [the] right to do so

as part of [a] plea bargain, delayed the start of the limitations period under AEDPA" but noted that, "[t]o date, the Fifth Circuit has not squarely addressed the question whether appeal proceedings that are dismissed pursuant to a valid appeal waiver constitute 'direct review' under AEDPA, and there is no consensus on this issue among the federal district courts in Texas." 2014 WL 3543722, at *3 (citing *Galindo v. Thaler*, No. V-08-56, 2010 WL 774170, at *2 (S.D. Tex. Mar. 2, 2010) ("The record reflects that Petitioner voluntarily, knowingly, and intelligently waived his right to appeal his guilty plea, and he did not seek review of the deferred adjudication order. Therefore, the order became final on the date Petitioner was placed on community supervision – March 16, 2000." (footnote omitted)); *Dye v. Director, TDCJ-CID*, No. 6: 11-CV-55, 2011 WL 7040457, at *3 (E.D. Tex. Dec. 15, 2011), *rec. adopted*, 2012 WL 123144 (E.D. Tex. Jan. 17, 2012) ("The Director has not cited any binding authority for the proposition that the statute of limitation began running on the day the Petitioner was sentenced, as opposed to the normal rule that it started running thirty days after he was sentenced. In the absence of such authority, the Court will rely on the normal rule. The Court concludes that the petition was timely filed.")).

Decisions of judges in the Northern District of Texas also appear split on this issue. *Compare Taff v. Cockrell*, No. 4:01-cv-234-Y, 2003 WL 292123, at *2 (N.D. Tex. Feb. 10, 2003) ("[A] timely appeal, later determined to be defective, nevertheless delays the commencement of the running of limitations because it extends the expiration of the time for seeking direct review, and therefore, the finality of the judgment of conviction. This Court concludes that because Taff's direct appeal was timely filed and

presented to the state appellate court for review, the period of the pendency of the appeal must be counted in determining when, by the expiration of the time for seeking direct review, the judgment became final. Taff's appeal was dismissed in an opinion rendered on November 10, 1999. Under Texas law, although Taff had 30 days to file a petition for discretionary review, he did not do so. Thus, Taff stopped the appeal process, and in such circumstance, his conviction became final "when the time for seeking further review in the state court expire[d]," or on December 10, 1999." (footnotes omitted), *with Enos v. Cockrell*, No. 4:03-cv-037-A, 2003 WL 21960333, at *4 (N.D. Tex. Aug. 15, 2003) ("[I]f an appellant fails to properly invoke a court of appeals' jurisdiction with a timely and proper notice of appeal, the power of the court to act is absent as if it did not exist. In a felony case where the conviction was obtained after a guilty plea under a plea-bargain agreement, a non-specific notice of appeal that fails to comply with the extra-notice requirements of the Texas appellate procedural rules does not give the court of appeals jurisdiction over the attempted appeal. Thus, Enos's general notice of appeal, which did not comply with the requirements of rule 25.2, did not confer jurisdiction on the appellate court and failed to maintain "direct review" of his conviction." (citations omitted)).

      The Court need not resolve any split as to this issue to determine the limitations issue presented by Petitioner's application. Even if Petitioner's conviction did not become final until January 4, 2010 – or the thirtieth day after the Dallas Court of Appeals dismissed the appeal for want of jurisdiction that was not a Saturday or Sunday, to account for the filing of a petition for discretionary review, *see Taff*, 2003

WL 292123, at *2 – Petitioner had until January 4, 2011 to file his Section 2254 habeas application. Thus, the current application was filed some 4 years and 4 months too late. Further, even if AEDPA's one-year limitations period was somehow tolled until the date that the TCCA dismissed Petitioner's state habeas application without written order on October 31, 2012, Petitioner's federal habeas application – filed May 5, 2015 – was still filed some seventeen months after expiration of the limitations period. Thus, the current application is due to be dismissed absent tolling of the limitations period.

Petitioner does not attempt to excuse this delay by arguing it should be equitably tolled. *See* Dkt. No. 1 at 14. Although he states that "[he] is innocent" and argues that his trial counsel was constitutionally ineffective for failing to obtain DNA evidence to show his innocence, *see id.*, Petitioner has not come forward with evidence of his innocence to undermine confidence that his trial was free of nonharmless constitutional error, *see Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("[T]he term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted and emphasis in original ); *see also Becerra v. Stephens*, Civil Action No. H-13-2832, 2014 WL 6982239, at *5 (S.D. Tex. Dec. 8, 2014) ("Because Becerra has not come forth with 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial,' his actual innocence allegations do not provide an 'actual innocence' exception to the limitations bar." (citation omitted)). Therefore, without

proof of actual innocence or a basis for equitable or statutory tolling, Petitioner's writ must be dismissed as untimely.

### Recommendation

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Petitioner's application for writ of habeas corpus with prejudice because it is barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 26, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE